# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0675V
Filed: May 23, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| GREGORY THOMPSON, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Influenza ("Flu") Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Lynn E. Ricciardella*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 8, 2016, Gregory Thompson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he sustained left shoulder injuries from an influenza ("flu") vaccination he received on September 8, 2014. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On December 1, 2016, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On May 22, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $120,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent further proffers that petitioner should be awarded funds to satisfy, in full, the Commonwealth of Pennsylvania Medicaid lien in the amount of $14,277.85, which represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury, under Title XIX of the Social Security Act.  Proffer at 1.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  Thus, pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner the following:

**(1) A lump sum payment of $120,000.00 in the form of a check payable to petitioner, Gregory Thompson.**  This amount accounts for all elements of compensation under § 300aa-15(a) to which petitioner would be entitled; and

**(2) A lump sum payment of $14,277.85, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioner and to**

> Department of Human Services
> Bureau of Program Integrity
> Division of Third Party Liability/Recovery Section
> P.O. Box 8486
> Harrisburg, Pennsylvania 17105-8486
> Attn.: Mark Schappell/TPL Program Investigator

Petitioner agrees to endorse this payment to the Pennsylvania Department of Human Services.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> <u>s/Nora Beth Dorsey</u>
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GREGORY THOMPSON,<br><br>　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　Respondent. | No. 16-675V<br>Chief Special Master Dorsey<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

Respondent proffers that, based on the evidence of record, petitioner, Gregory Thompson, should be awarded **$120,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Respondent further proffers that petitioner, Gregory Thompson, should be awarded funds to satisfy, in full, the Commonwealth of Pennsylvania Medicaid lien in the amount of **$14,277.85**, which represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of Gregory Thompson from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury, under Title XIX of the Social Security Act.

I.      **Form of the Award:**

The parties recommend that the compensation provided to Gregory Thompson should be made through two lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

(1) A lump sum payment of $120,000.00 in the form of a check payable to petitioner, Gregory Thompson. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled; and

(2) A lump sum payment of $14,277.85, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioner and to:

> Department of Human Services
> Bureau of Program Integrity
> Division of Third Party Liability/Recovery Section
> P.O. Box 8486
> Harrisburg, Pennsylvania  17105-8486
> Attn.:  Mark Schappell/TPL Program Investigator

Petitioner agrees to endorse this payment to the Pennsylvania Department of Human Services.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

> Respectfully submitted,
>
> CHAD A. READLER
> Acting Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division
>
> CATHARINE E. REEVES
> Deputy Director
> Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

2

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>/s/ Lynn E. Ricciardella</u>
        LYNN E. RICCIARDELLA
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.: (202) 616-4356

Dated: May 22, 2017